IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lynn Ganoe and Mary West,            )<br>                                                           )<br>      Plaintiffs,                             )<br>                                                           )<br>      v.                                           )<br>                                                           )<br>PCA Acquisitions V, LLC, a/k/a Portfolio )<br>Asset Group, a Delaware limited liability )<br>company, and Creditors Interchange    )<br>Receivable Management, LLC, a          )<br>Delaware limited liability company,      )<br>                                                           )<br>      Defendants.                          )  | No.   10 C 5796<br><br><br><br><br>Jury Demanded |

## COMPLAINT

Plaintiffs, Lynn Ganoe and Mary West, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) both Defendants transact business and reside here.

## PARTIES

3. Plaintiff, Lynn Ganoe ("Ganoe"), is a citizen of the State of Minnesota, from whom Defendants attempted to collect a delinquent consumer debt owed for an HSBC credit card, despite the fact that she was represented by the legal aid attorneys

at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff, Mary West ("West"), is a citizen of the State of Arkansas, from whom Defendants attempted to collect a delinquent consumer debt owed for an HSBC credit card, despite the fact that she was represented by the legal aid attorneys at LASPD in Chicago, Illinois.

5. Defendant, PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group ("Portfolio"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Portfolio operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant Portfolio is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Portfolio does business in Illinois.

7. Defendant Portfolio is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Phillips & Cohen Associates, Ltd. and Creditors Interchange Receivable Management, LLC.

8. Defendant, Creditors Interchange Receivable Management, LLC ("CIRM"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CIRM

collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

9. Defendant CIRM is licensed to conduct business in Illinois and maintains a registered agent here, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>B</u>. In fact, CIRM conducts business in Illinois.

10. Moreover, Defendant CIRM is licensed as a collection agency in Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>C</u>. In fact, CIRM acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

**Ms. Lynn Ganoe**

11. Ms. Ganoe is a disabled woman with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for an HSBC credit card. At some point in time after that debt became delinquent, it was bought by Defendant Portfolio, and when Portfolio began trying to collect this debt from Ms. Ganoe, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

12. Specifically, Defendant Portfolio hired another debt collector, Phillips & Cohen Associates, Ltd. ("Phillips &Cohen"), to demand payment of the HSBC/Portfolio debt from Ms. Ganoe. Phillips & Cohen and Defendant Portfolio are related companies that share offices and employees. Accordingly, on September 1, 2009, one of Ms. Ganoe's attorneys at LASPD informed Defendant Portfolio, through its agent/related company, Phillips & Cohen, that Ms. Ganoe was represented by counsel, and directed

3

Portfolio to cease contacting her, and to cease all further collection activities because Ms. Ganoe was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

13. Nonetheless, despite being advised that Ms. Ganoe was represented by counsel and refused to pay the debt, Defendants sent Ms. Ganoe a collection letter, dated June 14, 2010, which demanded payment of the HSBC/Portfolio debt. A copy of this letter is attached as Exhibit E.

14. Accordingly, on August 5, 2010, Ms. Ganoe's LASPD attorney faxed Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

**Ms. Mary West**

15. Ms. West is a senior citizen with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for an HSBC credit card. At some point in time after that debt became delinquent, it was bought by Defendant Portfolio, and when Portfolio began trying to collect this debt from Ms. West, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

16. Specifically, Defendant Portfolio hired another debt collector, Phillips & Cohen, to demand payment of the HSBC/Portfolio debt from Ms. West. Phillips & Cohen and Defendant Portfolio are related companies that share offices and employees. Accordingly, on September 1, 2009, Ms. West's attorneys at LASPD informed Defendant Portfolio, through its agent/related company, Phillips & Cohen, that Ms. West was represented by counsel, and directed Portfolio to cease contacting her,

and to cease all further collection activities because Ms. West was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter and fax confirmation are attached as Exhibit G.

17. Nonetheless, despite being advised that Ms. West was represented by counsel and refused to pay the debt, Defendants sent Ms. West a collection letter, dated June 14, 2010, which demanded payment of the HSBC/Portfolio debt. A copy of this letter is attached as Exhibit H.

18. Accordingly, on August 5, 2010, Ms. West's LASPD attorney faxed Defendants a letter directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit I.

19. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

20. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

21. Plaintiffs adopt and reallege ¶¶ 1-20.

22. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

23. Here, the letters from Ms. Ganoe's and Ms. West's agent, LASPD, told

Defendants to cease communications and to cease collections. By continuing to communicate regarding these debts and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

24. Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

25. Plaintiffs adopt and reallege ¶¶ 1-20.

26. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

27. Defendants knew, or readily could have known, that Ms. Ganoe and Ms. West were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant Portfolio, in writing, through its agent, that Ms. Ganoe and Ms. West were represented by counsel, and had directed a cessation of communications with Ms. Ganoe and Ms. West. By directly sending Ms. Ganoe and Ms. West collection letters, despite being advised that they were represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

28. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiffs, Lynn Ganoe and Mary West, pray that this Court:

    1.    Find that Defendants' debt collection actions violated the FDCPA;

    2.    Enter judgment in favor of Plaintiffs, Ganoe and West, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Lynn Ganoe and Mary West, demand trial by jury.

Lynn Ganoe and Mary West,

By: /s/ David J. Philipps_____
One of Plaintiffs' Attorneys

Dated: September 13, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com